IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOSEPH O. FASUSI, )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>WASHINGTON MOTORCARS, INC., )<br>)<br>   Defendant. )<br>_____ ) | Civil Action No. 1:17cv0812 (LMB/JFA) |

## **PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

This matter is before the court on plaintiff Joseph O. Fasusi's ("plaintiff") motion to reopen the case and renewed motion for Federal Rule of Civil Procedure 37 sanctions. (Docket no. 40). Since plaintiff's motion seeks relief that would be dispositive of this matter, it is being considered in accordance with 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

### **Factual Background**

As alleged in the Complaint (Docket no. 1) ("Compl."), on March 24, 2017, plaintiff purchased a 2012 Audi S4 from defendant Washington Motorcars, Inc. ("defendant" or "Washington Motorcars"), and financed it through defendant. (Compl. ¶ 7). Defendant placed an Internet advertisement representing that the vehicle came with a 2 year/24,000 mile Bumper-to-Bumper warranty. (Compl. ¶ 9). Notwithstanding this advertisement, defendant charged plaintiff $5,680 for an aftermarket warranty/service contract. (Compl. ¶ 10). At the time of the sale, defendant, by and through its sales agent, Aaquib Faruqui, told plaintiff he had been approved for financing, and presented him with a completed Retail Installment Sales Contract.

1

(Compl. ¶¶ 12, 16). Relying on Faruqui's representation, plaintiff traded in his vehicle, paid the $6,000 down payment, and left with the Audi S4. (Compl. ¶¶ 17–18). Defendant neither notified the Department of Motor Vehicles about the sale, nor signed the title of the vehicle over to plaintiff. (Compl. ¶ 21).

On April 14, 2017, plaintiff received a telephone call from defendant advising him for the first time that Capital One had rejected the assignment of the financing, and that plaintiff needed to sign new documents for Capital One to agree to finance the transaction. (Compl. ¶ 27). Defendant presented plaintiff with a new Buyers Order and represented that Capital One had committed to accepting the assignment of financing. (Compl. ¶ 30). The first set of tags on the vehicle expired on April 23, 2017, and the second set of tags expired on May 23, 2017. (Compl. ¶¶ 32–33). Defendant refused to renew the temporary tags or provide permanent tags after May 23, 2017, threatening to have plaintiff arrested if he did not sign a new set of sale documents. (Compl. ¶¶ 34, 36). On June 12, 2017, plaintiff signed a new set of sale documents which increased the service charge from $599 to $4,250, increased the Annual Percentage Rate from 16.99% to 24.09%, eliminated the Extended Service Contract, and changed the sale from one with warranty to an "AS IS" transaction. (Compl. ¶¶ 40–44).

**Procedural Background**

On July 18, 2017, plaintiff initiated this action against defendant, alleging a violation of the Truth in Lending Act (Count I), a violation of the Equal Credit Opportunity Act (Count II), a violation of the Fair Credit Reporting Act (Count III), fraud (Count IV), breach of fiduciary duty (Count V), and a violation of the Virginia Consumer Protection Act (Count VI). (Compl. ¶¶ 50–110). A Scheduling Order was entered on September 6, 2017, setting discovery due by January 12, 2018. (Docket no. 6). Plaintiff mailed his First Set of Interrogatories and Requests for

Production of Documents to defendant on September 12, 2017. (Docket no. 25 at 3). Defendant did not serve any objections or responses to plaintiff's discovery requests. (*Id.*). On October 24, 2017, plaintiff filed a motion to compel responses to his discovery requests. (Docket no. 10). On November 3, 2017, defendant filed a motion to continue plaintiff's motion, representing that the owner of Washington Motorcars, AJ Faruqui, was medically unable to respond to discovery for the next two weeks. (Docket no. 13 at 3). On November 14, 2017, this court entered the parties' consent motion to compel, which required defendant to file "full and complete responses to discovery, without objection, no later than November 27, 2017." (Docket no. 19). Defendant filed belated responses on December 6, 2017, which plaintiff contends were woefully inadequate and failed to meaningfully respond to the discovery requests. (Docket nos. 25-3, 25-4).

On December 7, 2017, plaintiff filed a motion for sanctions for failure to comply with a court order. (Docket no. 24). Defendant failed to appear at the motion hearing on December 22, 2017, and this court again ordered defendant to provide full and complete responses to plaintiff's discovery requests by December 28, 2017, or face the entry of a default. (Docket no. 32). On December 29, 2017, plaintiff filed a renewed motion for sanctions, asserting that defendant had not filed the discovery supplementation required by this court's December 22, 2017 order, set for a hearing at 9:45 a.m. on January 5, 2018. (Docket nos. 33, 34). On January 4, 2018, defendant filed a suggestion of bankruptcy (Docket no. 36), at which point the motion hearing was cancelled (Docket no. 37), and the litigation was stayed (Docket no. 38).

On April 20, 2018, plaintiff filed the instant motion to reopen the case and enter an order for sanctions under Federal Rule of Civil Procedure 37. (Docket no. 40). On April 23, 2018, the court vacated the order staying the case and directed the parties to provide a status report regarding the litigation. (Docket no. 42). On April 27, 2018, plaintiff filed a status report

3

representing that defendant's counsel had not provided any further discovery responses or other supplementation as required by this court's order. (Docket no. 43). On May 29, 2018, the court directed defendant to provide a response to the instant motion by 5:00 p.m. on Thursday, May 31, 2018. (Docket no. 44). Defendant failed to file a response to the motion, at which point the court cancelled the hearing set for 10:00 a.m. on June 8, 2018 and took the matter under advisement. (Docket no. 45).

## Proposed Findings and Recommendations

In the instant motion, plaintiff seeks to reopen the case and enter an order for sanctions under Federal Rule of Civil Procedure 37. (Docket no. 40). On April 23, 2018, the court reopened the matter, thereby partially granting the requested relief. (Docket no. 42). Accordingly, the undersigned is now considering the request for an order for sanctions, as stated in the motion and memorandum previously filed and heard on December 22, 2017. (Docket nos. 24, 25, 31). Plaintiff alleges that defendant failed to comply with two of this court's orders requiring full and complete discovery responses to plaintiff's discovery requests. (Docket nos. 19, 32). In the status report submitted on April 27, 2018, plaintiff represented that defendant had still not provided any further discovery responses or other supplementation as required by the court's order on December 22, 2017. (Docket no. 43). As explained in more detail below, it is recommended that there be a finding that defendant failed to comply with both court orders.

On November 14, 2017, this court granted the parties' consent motion to compel, directing defendant to file "full and complete responses to discovery, without objection, no later than November 27, 2017." (Docket no. 19). Defendant not only failed to provide responses by the November 27, 2017 deadline, but produced anemic responses which did not fully address plaintiff's discovery requests. When this court gave defendant a second chance to provide full

4

and complete responses to plaintiff's discovery requests on December 22, 2017 (Docket no. 32), defendant failed to comply with that order as well (Docket no. 33), instead filing a suggestion of bankruptcy the day before the hearing on plaintiff's renewed motion for sanctions (Docket no. 36). After the bankruptcy proceeding was resolved and this matter was reopened, defendant again failed to provide full and complete responses as required by the December 22, 2017 order. (Docket no. 43). Finally, the court provided defendant with another opportunity to respond to the instant motion (Docket no. 44), which defendant failed to do. Each of these orders gave explicit directions to defendant with which it failed to comply.

## Sanctions

Plaintiff seeks a default judgment against defendant as well as an award of attorney's fees and reasonable expenses for bringing the motion to compel. As explained in more detail below, it is recommended that an entry of default be entered against defendant on the issue of liability and that the case proceed to trial on the issue of damages only.

Federal Rule of Civil Procedure 37(b)(2)(A) provides that if a party fails to obey an order to provide or permit discovery:

> [T]he court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

When weighing the imposition of a default judgment, courts in the Fourth Circuit must apply a four-part test: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary . . . ; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–05 (4th Cir. 1977).

First, it is abundantly clear that defendant acted in bad faith. Defendant missed deadlines imposed by the Scheduling Order and the Federal Rules, ignored two court orders requiring it to respond to discovery, failed to provide full and complete responses after the case was reopened, and failed to provide any rationale for its repeated failure to engage in meaningful discovery. Instead, defendant first sought to continue plaintiff's motion to compel, then failed to provide responses by the deadline it agreed to, then provided incomplete responses in contravention of this court's order, then failed to provide supplemental responses in contravention of this court's second order, then filed a suggestion of bankruptcy the day before the hearing on plaintiff's renewed motion for sanctions, and then failed to provide full and complete responses after the bankruptcy proceeding was resolved. Defendant also failed to provide the Rule 26(a)(1) disclosures as required by the court's Rule 16 Scheduling Order. Finally, defendant failed to appear at plaintiff's motion hearing, as well as the hearing for its own motion to stay proceedings, and failed to file a response to the instant motion despite a court order directing it to do so. (Docket nos. 29, 31, 44). Defendant's repeated stonewalling of plaintiff's attempts to pursue discovery combined with its disregard for this court's orders and procedures clearly establish its bad faith.

Second, defendant's conduct has significantly prejudiced plaintiff by rendering him unable to conduct discovery to obtain facts and documents that are clearly relevant to his claims.

Defendant has failed to produce deal documents, communications between the parties and third parties, and other relevant information. (Docket no. 25 at 12–13). Plaintiff has been placed at an unfair disadvantage in preparing his case, as he lacks basic documentary evidence to prosecute his claims.

Third, defendant's non-compliance is egregious and requires a strong deterrent. Defendant's refusal to fully engage in the discovery process, particularly in the face of two court orders directing it to do so, is a grave violation of this court's rules and procedures. Moreover, defendant was put on notice that its failure to comply with this court's orders could result in the sanction of the entry of default. (Docket no. 32). The entry of a default will send an "unmistakable message to [defendant] and others that the judicial system will not tolerate repeated misconduct never wholly remedied in the future." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 94 (4th Cir. 1989).

Fourth, a lesser sanction would not adequately address the harm done to plaintiff or the need to deter similar misconduct. Plaintiff has been deprived of the opportunity to conduct meaningful discovery as to the claims asserted in the Complaint. Moreover, without a strong sanction, a defendant may decide it is worth the risk of facing a lesser sanction for not complying with court orders to provide a plaintiff with necessary discovery while still maintaining its ability to defend against plaintiff's claims. A default ensures that future parties will not attempt to engage in such gamesmanship. Accordingly, the factors weigh in favor of entering a default against defendant as to the claims raised in the Complaint. Therefore, the undersigned recommends that a default be entered against defendant on the issue of liability for all the claims raised in the Complaint and that the case proceed to trial on the issue of damages only.

## Conclusion

For the reasons stated above, the undersigned magistrate judge recommends that plaintiff Joseph O. Fasusi's motion for sanctions be granted. The undersigned recommends that the District Judge enter a default on plaintiff's claims against defendant Washington Motorcars, Inc. on the issue of liability and have the case proceed to trial on the issue of damages only.

## Notice

By means of the court's electronic filing system, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

Entered this 4th day of June, 2018.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia