IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOSEPH O. FASUSI, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )    1:17-cv-812 (LMB/JFA)<br>) |
| WASHINGTON MOTORCARS, INC., | )<br>) |
| Defendant. | ) |

## ORDER

Before the Court is a Report and Recommendation ("Report") issued by a magistrate judge on June 4, 2018 [Dkt. No. 46], which recommended that plaintiff's Motion for Sanctions [Dkt. No. 40] be granted and that the Court enter a default on plaintiff's claims against defendant on the issue of liability and have the case proceed to trial on the issue of damages only. See Report at 8. The parties were advised that any objections to the Report had to be filed within 14 days and that failure to file a timely objection "waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations." Id. As of July 16, 2018, no party has filed an objection. The Court has reviewed the Report, plaintiff's Motion for Sanctions, and the case file and adopts the Report in full.

In this civil action, plaintiff brings a variety of statutory and common law claims against defendant stemming from defendant's alleged improper conduct in selling plaintiff a vehicle. See id. at 2. Specifically, plaintiff alleges that defendant illegally charged plaintiff $5,680 for an aftermarket warranty/service contract despite placing an advertisement representing that the vehicle came with a warranty; that defendant induced plaintiff to trade in his previous vehicle

and place a $6,000 down payment by telling him that he had been approved for financing; that defendant then failed to notify the Department of Motor Vehicles about the sale or sign the vehicle's title over to plaintiff; that defendant repeatedly induced plaintiff to sign new documents to obtain financing, eventually signing a set of sale documents increasing the service charge from $599 to $4,250, increasing the Annual Percentage Rate from 16.99% to 24.09%, eliminating the Extended Service Contract, and removing the warranty; and that while defendant was engaging in this conduct, it refused to renew plaintiff's temporary tags or provide permanent tags for the vehicle and threatened to have him arrested for stealing the vehicle (to which defendant retained title because it had not appropriately signed the title over to plaintiff). See id. at 1-2.

After plaintiff initiated this civil action, the Court entered a Scheduling Order allowing discovery to commence. See id. at 2-3. Between September and December, 2017, defendant repeatedly failed to respond to plaintiff's discovery requests and, after the magistrate judge entered the parties' consent motion to compel requiring defendant to provide full and complete responses to the requests, defendant filed responses that were both late and "woefully inadequate." Id. at 3. Plaintiff filed a motion for sanctions on December 7, 2017, and, when defendant failed to appear at the motion hearing on December 22, 2017, the magistrate judge ordered defendant to provide complete responses to the discovery requests by December 28, 2017 or face the entry of a default. Id. When defendant failed to respond by the deadline, plaintiff filed a renewed motion for sanctions, which was set for a hearing on January 5, 2018. Id. The day before the hearing, defendant filed a suggestion of bankruptcy, and the Court stayed this litigation pending the outcome of defendant's bankruptcy proceeding. Id.

On April 20, 2018, after defendant's bankruptcy proceeding was terminated without discharge, plaintiff filed a motion to reopen the case, which the Court granted, and a renewed

2

motion for sanctions. Id. On May 29, 2018, after defendant had failed to provide any further discovery responses, the magistrate judge directed defendant to provide a response to the motion for sanctions by May 31, 2018. Id. at 3-4. Defendant failed to do so, and the magistrate judge took the matter under advisement. Id.

Under Fed. R. Civ. P. 37(b)(2)(A), if a party fails to obey an order to provide or permit discovery, the court may issue sanctions, including "rendering a default judgment against the disobedient party." Id. at 5. When determining whether to impose a default judgment, courts in the Fourth Circuit apply a four-part test that evaluates whether the noncomplying party acted in bad faith, the degree of prejudice caused by the noncompliance, the need for deterrence, and the effectiveness of less drastic sanctions. Id. at 5-6. Based on these factors, the magistrate judge recommended entering a default on the issue of liability. Having reviewed the Report and the case file, the Court finds that the magistrate judge's conclusion is correct because defendant acted in bad faith, defendant's conduct has significantly prejudiced plaintiff, defendant's non-compliance is egregious and warrants a strong deterrent, and no lesser sanction would adequately address the prejudice to plaintiff or the need for deterrence. Id. at 6-7.

Accordingly, the Report is ADOPTED, plaintiff's Motion for Sanctions [Dkt. No. 40] is GRANTED, and it is hereby

ORDERED that a default judgment on the issue of liability be and is ENTERED in favor of plaintiff and it is further;

ORDERED that within 14 days plaintiff file a motion setting forth the factual and legal support for findings that plaintiff can receive the damages and any other relief sought, with specific references to affidavits, declarations, or other evidence supporting such relief; and it is further

3

ORDERED that plaintiff file a Notice setting the hearing of the motion for damages for 10:00 a.m. on Friday, August 17, 2018 before the magistrate judge to whom this action is referred, or in event of a conflict, then on the date obtained from the chambers of the magistrate judge.

Defendant's failure to respond to plaintiff's motion for damages may result in a monetary judgment being entered against defendant.

The Clerk is directed to enter judgment on the issue of liability in this matter in plaintiff's favor pursuant to Fed. R. Civ. P. 37 and forward copies of this Order to counsel of record.

Entered this 18th day of July, 2018.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge

/s/
Leonie M. Brinkema
United States District Judge