IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| JOSEPH O. FASUSI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17-cv-812 (LMB/JFA) |
| | ) | |
| WASHINGTON MOTORCARS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is a Report and Recommendation ("Report") issued by a magistrate judge on August 31, 2018 [Dkt. No. 57], which recommended that plaintiff's Motion for Damages [Dkt. No. 50] be granted in part and that the Court award plaintiff damages in the total amount of $164, 199.01, consisting of $9,331 in actual damages and $1,000 in statutory damages for defendant's violation of the Truth in Lending Act ("TILA"); $1,000 in statutory damages and $10,000 in punitive damages for defendant's violation of the Fair Credit Reporting Act ("FCRA"); and $142,868.01 of trebled actual and statutory damages for defendant's violation of the Virginia Consumer Protection Act ("VCPA"). See Report at 21. The Report further recommended that plaintiff be directed to file a petition for attorney's fees incurred in litigating defendant's violation of the TILA. Id. The parties were advised that any objections to the Report had to be filed within 14 days and that failure to file a timely objection "waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations." Id. at 22. As of October 9, 2018, no party has filed an objection. The Court has reviewed the Report, plaintiff's Motion for Damages, and the case file and adopts the Report in full.

In this civil action, plaintiff brings a variety of statutory and common law claims against defendant stemming from defendant's alleged improper conduct in selling plaintiff a vehicle. Specifically, plaintiff alleges that defendant illegally charged plaintiff $5,680 for an aftermarket warranty/service contract despite placing an advertisement representing that the vehicle came with a warranty; that defendant induced plaintiff to trade in his previous vehicle and make a $6,000 down payment by telling him that he had been approved for financing; that defendant then failed to notify the Department of Motor Vehicles about the sale or sign the vehicle's title over to plaintiff; that defendant repeatedly induced plaintiff to sign new documents to obtain financing, eventually signing a set of sale documents increasing the service charge from $599 to $4,250, increasing the Annual Percentage Rate from 16.99% to 24.09%, eliminating the Extended Service Contract, and removing the warranty; and that while defendant was engaging in this conduct, it refused to renew plaintiff's temporary tags or provide permanent tags for the vehicle and threatened to have him arrested for stealing the vehicle (to which defendant retained title because it had not appropriately signed the title over to plaintiff). See id. at 1-2. As a result of this failure to provide plaintiff with the tags required for lawful operation of the car, plaintiff was unable to meet the driving requirement of his new job, from which he was fired. Id. at 7–8.

After plaintiff filed his complaint to which defendant responded, the Court entered a Scheduling Order allowing discovery to commence. See id. at 3. Between September and December 2017, defendant repeatedly failed to respond to plaintiff's appropriate discovery requests and, after the magistrate judge entered an order requiring defendant to provide full and complete responses to plaintiff's discovery requests, defendant filed responses that were both late and "woefully inadequate." Id. As a result, plaintiff filed a motion for sanctions on December 7, 2017, and, when defendant failed to appear at the December 22 motion hearing, the

2

magistrate judge ordered defendant to provide complete responses to the discovery requests by December 28 or face the entry of a default. Id. When defendant failed to respond by the deadline, plaintiff filed a renewed motion for sanctions, which was set for a hearing on January 5, 2018. Id. The day before the hearing, defendant filed a suggestion of bankruptcy, and the Court stayed this litigation pending the outcome of the bankruptcy proceeding. Id.

On April 20, 2018, after defendant's bankruptcy proceeding was terminated without discharge, plaintiff filed a motion to reopen the case, which was granted, and plaintiff filed a renewed motion for sanctions. Id. at 4. On July 18, this Court entered judgment against defendant on the issue of liability as a sanction for defendant's misconduct during discovery. Id. On August 1, plaintiff filed the pending Motion for Damages, for which oral argument was held on August 24. Id. Although counsel for defendant appeared, he only requested leave to withdraw, which was granted. Id. No other person appeared on behalf of defendant. Id. As of October 9, 2018, no responsive pleadings or other responses to plaintiff's Motion for Damages have been filed by defendant or anyone on its behalf.

The Court finds that the magistrate judge properly calculated the damages to which plaintiff is entitled. As to the TILA violation, the magistrate judge found that plaintiff had properly alleged actual damages in the amounts of $5,680, which represents what he paid for a warranty he was promised but did not receive, and $3,651, from the processing fee increase, for a total of $9,331.[1] Id. at 7. In addition, plaintiff is entitled to $1,000 in statutory damages and

---

[1] The magistrate judge properly concluded that plaintiff failed to establish that his $38,291.67 in lost income was connected to a TILA violation. Plaintiff claims that he purchased this car because he needed reliable transportation for a new position beginning May 1, 2017, for which he would be paid $45,950 for a six-month period. He then claims that when the temporary tags expired on May 23, he was unable to drive and, on June 1, was terminated. Plaintiff had been paid $7,658.33 and claims that, if he had reliable transportation, he would have earned an additional $38,291.67. Id. at 7–8.

3

attorney's fees related to pursuing this claim. Id. at 8. As to plaintiff's claim for damages from defendant's violation of the FCRA, plaintiff was unable to establish actual damages, but the magistrate judge found that an award of $1,000 in statutory damages and $10,000 in punitive damages was appropriate. Id. 8–14 (discussing Saunders v. Branch Banking and Trust Co. of Va., 526 F.3d 142, 152–155 (4th Cir. 2008)). The Court agrees with that conclusion.

For the defendant's violation of the ECOA, plaintiff was again unable to establish actual damages, and the magistrate judge found that no further punitive damages were appropriate, id. at 14–16; however, he also found that plaintiff did establish that defendant's fraudulent promise to provide the warranty caused plaintiff to lose his job, resulting in actual damage of $47,622.67 (comprised of the processing fee and lost wages). Id. at 18. As plaintiff cannot recover under both the VCPA and common law fraud, and because the VCPA entitles him to a larger recovery due to its treble damages provision for willful violations, the magistrate judge recommended finding plaintiff entitled to $47,622.67, trebled to $142,868.01 in actual and statutory damages, under the VCPA. Id. at 20. The magistrate judge recognized that the award of actual damages overlaps with respect to the award of damages under the TILA and the VCPA but found that "the duties owed to plaintiff under TILA and the VCPA are meaningfully different such that the overlapping damage awards compensate substantively distinct violations of plaintiff's rights." Id. at 21. The Court agrees.

Accordingly, the Report is fully adopted and for the reasons stated above and in the Report, plaintiff's Motion for Damages [Dkt. No. 50] is GRANTED IN PART, and it is hereby

ORDERED that a default judgment in the total amount of $164,199.01, comprised of: $9,331 in actual damages and $1,000 in statutory damages for defendant's violation of TILA; $1,000 in statutory damages and $10,000 in punitive damages for defendant's violation of the

4

FCRA; and $142,868.01 for defendant's violation of the VCPA, be and is awarded in favor of plaintiff Joseph O. Fasusi against defendant Washington Motorcars, Inc.; and it is further

ORDERED that any petition for attorney's fees limited to those related to the litigation of the TILA violation be filed within 14 days.

The Clerk is directed to enter judgment on the issue of damages in this matter in plaintiff's favor and forward copies of this Order to counsel of record and defendant.

Entered this 9th day of October, 2018.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge